HERENDEEN and others *v.* MORGAN.[1]

(*Circuit Court, D. Massachusetts.* September 9, 1886.)

PATENTS FOR INVENTIONS—HARROWS.
 Letters patent No. 120,195, of October 24, 1871, to E. W. Herendeen, for an improvement in harrows, construed, and *held* anticipated by letters patent No. 82,451, of September 22, 1868, to J. J. Thomas, for improvement in harrows.

In Equity. On motion for preliminary injunction.
*W. B. H. Dowse,* for complainant.
*H. C. Bliss,* for defendant.

CARPENTER, J. This is a bill to enjoin the respondent from infringing letters patent No. 120,195, granted to E. W. Herendeen, October 24, 1871, for improvement in harrows. The respondent admits the infringement of the patent, but defends on the ground that the invention is anticipated by that described in letters patent No. 82,451, granted September 22, 1868, to J. J. Thomas, for improvement in harrows. I think the respondent is clearly right. In both patents the harrow-frame is composed of two or more rectangular structures hinged together in which the teeth are fastened, and in both the line of draught of the harrow is so arranged as to be parallel to neither of the sides of these rectangular structures. In the patent of the complainants the claim is for a harrow "with small teeth inserted obliquely through the frame, substantially as and for the purposes set forth." The specification describes the teeth as being set "at an angle both longitudinally and laterally with the beam," so as to "lie inclined nearly or quite in the line of draught of the harrow," and so that "instead of pushing the lumps of soil to one side, they cut downward through them." I think it is evident from this description, as well as from the drawings, that the teeth are inserted at an angle other than a right angle, and that they incline backward from the direction towards which the harrow is to be drawn. It is also evident, as it seems to me, that the teeth which are said to "lie in the line of draught" would be more accurately described as lying in the line of draught or in lines parallel thereto. I think this is the fair construction of the patent. The claim in the Thomas patent is for a harrow "having numerous inclined teeth pointing backward at such an inclination as to cast off or slip over any stalks of weeds, straw, or other refuse matter, substantially as described." In the specification the teeth are described as "arranged at an inclined angle, pointing backward, so as to readily pass over any rubbish or obstructions, and pass over the ground without tearing up young plants, but pulverize the surface."

---

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

In both these devices, as I read the patents, the axis of each tooth lies in a vertical plane coincident with or parallel with the vertical plane which passes through the line of draught of the harrow; in both devices this vertical plane is not parallel with the vertical plane passing through either side of the rectangular plank or frame in which the tooth is inserted; and in both devices the axis lies in this vertical plane in such a way that (1) the angle between the axis and a horizontal line lying in the same plane is other than a right angle, and (2) the lesser angle between the axis and the horizontal line is on that side of the axis of the tooth which is opposite from the place towards which the harrow is intended to be drawn.   This seems to be a full statement of the essential features of both devices, and it follows that there is no substantial difference between them.   The motion for preliminary injunction will therefore be denied and dismissed.